## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

OYENOKACKIKE CHARLES OSAMOR,

        Plaintiff,                             Case No. 1:09-cv-694

    vs.                                  Weber, J.
                                           Litkovitz, M.J.

MATTHEW M. ROBINSON, *et al.*,

        Defendants.

### REPORT AND RECOMMENDATION[1]

This civil action is now before the Court on defendants' motions to dismiss plaintiff's amended complaint (Docs. 11, 12) and the parties' responsive memoranda. (Docs. 13, 18, 19). Also before the Court are plaintiff's motion to amend, motion for continuance, and motion for judgment on the pleadings (Docs. 21, 24, 25) and defendants' memoranda in opposition. (Docs. 22, 26).

Plaintiff Oyenokachike Charles Osamor, an inmate currently incarcerated at the Montgomery Federal Prison Camp in Maxwell, Alabama, brings this *pro se* action against defendants Matthew Robinson, Robinson & Brandt, P.S.C., (collectively "Robinson") and National Legal Professional Associates ("NLPA") pursuant to 28 U.S.C. §§ 1331, 1332 and 1367, for civil rights violations under 42 U.S.C. §§ 1983 and 1988. Plaintiff also asserts claims under Ohio law for negligence, breach of contract, breach of fiduciary duty, legal malpractice, infliction of emotional distress and misrepresentation. Plaintiff's claims arise out an agreement to provide

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

post-conviction legal services to plaintiff.[2]

Plaintiff's amended complaint (Doc. 6) alleges the following:

In November 2003, plaintiff entered into an agreement with Robinson to serve as legal counsel in connection with his post-conviction appeal to the Fifth Circuit Court of Appeals for the sum of $6,500.00. The agreement provided that legal research would be provided by NLPA. (*Id.*)

Plaintiff requested that Robinson raise several issues on appeal. However, plaintiff asserts that Robinson "refused to act as requested." Specifically, plaintiff alleges that Robinson failed to: (1) challenge the sufficiency of the indictment; (2) challenge the sufficiency of the elements of the offense; (3) raise the issue of the complete absence of trial counsel; (4) raise the issue of suppression of handwriting, fingerprint, and in-court identification evidence; (5) raise confrontation clause violations and prosecutorial misconduct; and (6) raise constitutional and due process violations. Plaintiff further alleges that Robinson failed to file a reply brief as requested by plaintiff. Plaintiff's appeal was denied on or about August 19, 2004.

Plaintiff then received a termination letter from Robinson on August 23, 2004. According to plaintiff, the letter stated that Robinson's contractual representation of plaintiff was complete and the agreement for legal representation was terminated. As a result, plaintiff believed that Robinson had removed himself as the attorney of record and no longer represented plaintiff.

Plaintiff asserts that he filed a *pro se* petition for a writ of certiorari to the United States Supreme Court. The Supreme Court granted plaintiff's petition, vacated the trial court's

---

[2]     Plaintiff was convicted by a jury in the United States District Court for the Southern District of Texas of conspiracy to possess stolen mail, to transport stolen property, and to commit mail fraud, conspiracy to launder funds, mail fraud and aiding and abetting mail fraud, and possession of stolen mail and aiding and abetting possession of stolen mail.

judgment, and remanded the case back to the United States Court of Appeals for the Fifth Circuit

for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). Upon remand,

the Fifth Circuit requested a supplement brief from plaintiff. In April 2005, plaintiff asserts that

Robinson filed a brief on behalf of plaintiff without first obtaining authorization from plaintiff.

On July 22, 2005, plaintiff sent a letter to Robinson requesting that he withdraw his

representation of plaintiff and file a motion to strike the unauthorized supplemental brief.

Robinson was granted leave to withdraw on August 11, 2005. Plaintiff was ultimately granted

leave to proceed *pro se* by the appeals court. The Fifth Circuit vacated plaintiff's sentence and

remanded the case back to the district court.

Plaintiff asserts that on remand he renewed his constitutional challenges to his conviction

and sentence. The district court refused to address the merits of plaintiff's challenges stating that

it was limited to the remand mandate issued by the Fifth Circuit which was allegedly based on the

arguments made by Mr. Robinson in the alleged unauthorized supplemental brief. Plaintiff was

subsequently resentenced by the district court on January 12, 2007. Plaintiff timely filed a *pro se*

notice of appeal, and again renewed his constitutional challenges to his conviction and sentence.

On March 26, 2008, the Fifth Circuit declined to address the merits of plaintiff's appeal based on

the mandate rule.

On or about April 2, 2008, plaintiff contacted the Ohio State Bar Association ("OSBA")

requesting assistance in retrieving numerous documents pertaining to plaintiff's case file from Mr.

Robinson. The OSBA notified plaintiff that Mr. Robinson was not licensed to practice law in

Ohio. Plaintiff asserts that Mr. Robinson represented himself to plaintiff as an Ohio lawyer

licensed to practice law in the State of Ohio.

-3-

On March 9, 2009, plaintiff filed a petition for habeas corpus with the United States District Court for the Southern District of Texas challenging the constitutionality of his conviction and sentence. The majority of the constitutional challenges in plaintiff's habeas corpus petition were issues that plaintiff requested Robinson raise, and issues that plaintiff asserts he raised in his *pro se* pleadings. Plaintiff's habeas corpus petition is currently pending.

Between August 19, 2004, the date plaintiff's appeal was denied, through the date of the filing of the complaint, plaintiff sent numerous letters to Mr. Robinson requesting that he return the entire case file to plaintiff so that he may prepare his habeas corpus petition. Plaintiff alleges that Mr. Robinson returned certain items but failed to return the entire file.

Based on the foregoing, plaintiff filed the instant action on September 21, 2009. Plaintiff asserts that Robinson violated the terms of the agreement and the termination letter, and interfered with plaintiff's constitutional right to proceed *pro se*. Plaintiff further claims that he "received ineffective assistance for his appellate issues and that Mr. Robinson's actions fall below an objectively reasonable standard." With respect to the NLPA, plaintiff asserts that the NLPA failed to provide plaintiff with copies of all completed legal briefs for all issues relevant to plaintiff's appeal and that he "received substandard legal research for all his appellate issues."

Plaintiff asserts claims for negligence, breach of contract, breach of fiduciary duty, malpractice and misrepresentation against Robinson and NLPA. Plaintiff seeks compensatory damages in the amount of $45,000,000.00 and punitive damages in the amount of $50,000,000.00.

**I.      Plaintiff's complaint is properly dismissed for lack of subject matter jurisdiction.**

Defendants seek dismissal on several grounds. Robinson asserts that the Court does not have subject matter jurisdiction over plaintiff's amended complaint, as plaintiff has raised no

-4-

federal claim and has presented no good faith claim for damages in excess of $75,000. Robinson

further asserts that plaintiff has failed to state any claim upon which relief my be granted, and that

plaintiff's claims are time-barred by the applicable statute of limitations. Defendant NLPA asserts

that plaintiff lacks standing to bring breach of contract claims against the NLPA and also asserts

that the Court does not have jurisdiction over the subject matter of plaintiff's amended complaint.

Because the Court determines that it lacks federal jurisdiction over this matter, the Court declines

to reach the alternate arguments raised by defendants and recommends that the motion to dismiss

be granted.

### A. Legal Standard

On review of a motion to dismiss for lack of subject matter jurisdiction, the Court must

take all material allegations in the complaint as true and construe them in the light most favorable

to the non-moving party. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). *See also*

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). Plaintiff bears the burden of

proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter

jurisdiction. *Nichols*, 318 F.3d at 677; *Michigan Southern R.R. Co. v. Branch & St. Joseph*

*Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). "In reviewing a 12(b)(1)

motion, the court may consider evidence outside the pleadings to resolve factual disputes

concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols*,

318 F.3d at 677 (citing *Rogers v. Stratton Industries*, 798 F.2d 913, 916 (6th Cir. 1986)).

### B. Diversity Jurisdiction

To the extent plaintiff invokes the diversity jurisdiction of the Court, his complaint reveals

such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of

different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In determining the amount in controversy, the Court "should consider the amount alleged in a complaint and should not dismiss a complaint for lack of subject matter jurisdiction unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Massachusetts Casualty Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (quotation omitted); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005). In applying the legal certainty test, courts have found a legal certainty that more than the jurisdictional amount could not be recovered where the applicable state law barred the type of damages sought by the plaintiff. *See Wood v. Stark Tri-County Building Trades Council*, 473 F.2d 272, 274 (6th Cir. 1973), citing *Vance v. Vandercook Co.*, 170 U.S. 468 (1898) (applicable state law did not permit punitive damages in a trover action); *Parmalee v. Ackerman*, 252 F.2d 721, 722 (6th Cir. 1958) (emotional distress damages not recoverable under Ohio law where no allegation of intent).

Plaintiff fails to allege facts showing his claim satisfies the $75,000 amount-in-controversy requirement for this Court's exercise of diversity jurisdiction. As a result of defendants' alleged breach of contract, breach of fiduciary duty, malpractice and misrepresentation, plaintiff asserts that "he suffered current injuries and emotional injuries, and continues to suffer injuries and will suffer future emotional injuries." (Doc. 6, pp. 9-10). Plaintiff seeks compensatory damages in the amount of $45,000,000.00 and punitive damages in the amount of $50,000,000.00 against each defendant for each claim. However, plaintiff's blind assertion for $45,000,000 in compensatory damages is not supported with sufficient facts to survive a motion to dismiss. Notably, in his response in opposition to defendants' motions to dismiss, plaintiff asserts the following:

-6-

23. Had the defendants filed a motion to strike the unauthorized brief as requested by plaintiff, his claims in the supplemental brief would have been adjudicated.

24. Had the defendants filed a motion to strike the unauthorized brief as requested by plaintiff, plaintiff would have received a vacature[sic] of his conviction, dismissal of the indictment or both.

25. Case law support[s] the claims raised in plaintiff's supplemental brief that his claims would have been successful had the they been raised as requested.

(Doc. 13, p. 34).

Despite these assertions, plaintiff provides no specific facts, allegations and/or supportive case law showing that but for defendants' alleged actions, plaintiff would have been successful in his appeal.[3] Moreover, there is nothing in the complaint or plaintiff's response to the motions to dismiss which identifies plaintiff's injuries or provides any explanation as to how the defendants' alleged actions resulted in physical and/or emotional injuries. *See Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974) (In the face of a motion to dismiss for lack of subject matter jurisdiction, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.").

After a thorough review of the pleadings, it is clear that only plaintiff's claim for breach of contract is supported by sufficient facts to go towards satisfying the amount-in-controversy requirement. The contract amount at issue was for $6,500. Thus, to meet the jurisdictional

---

[3]Plaintiff misperceives the nature of the remand by the United States Supreme Court in his case. The Supreme Court remanded plaintiff's case on the sole issue of whether his sentence was unconstitutional in light of the then-recent decision in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment applied to the Federal Sentencing guidelines and any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Osamor v. U.S.*, 543 U.S. 1113 (2005). On remand to the Fifth Circuit, defendant Robinson submitted what plaintiff characterizes as an "unauthorized" brief. Even if this is so, plaintiff fails to show he suffered any harm as a result of the "unauthorized" brief because he actually prevailed in the Fifth Circuit on remand on his *Booker* sentencing claim. *See U.S. v. Osamor*, 174 Fed. Appx. 800 (5th Cir. 2006).

amount to confer diversity jurisdiction, plaintiff would have to recover at least $68,500.00 in punitive damages. However, as explained below, it appears to a legal certainty that plaintiff cannot obtain punitive damages in this matter. *See Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir. 1983).

Punitive damages are not available for breach of contract in Ohio. *Ketcham v. Miller*, 104 Ohio St. 372, 136 N.E. 145 (1922). Furthermore, punitive damages are not recoverable in an action for breach of contract "irrespective of the motive on the part of the defendant and no matter how willful the breach." *Kruse v. Vollmar*, 83 Ohio App.3d 378, 386, 614 N.E.2d 1136, 1141-1142 (Ohio App. 6th Dist. 1992) (citing *Digital & Analog Design Corp. v. North Supply Co.*, 44 Ohio St.3d 36, 45-46, 540 N.E.2d 1358, 1366-1367 (1989)). *See also Saberton v. Greenwald,* 146 Ohio St. 414, 426, 66 N.E.2d 224, 229 (1946); *Ketcham*, 104 Ohio St. at 377-78, 136 N.E. at 146. "An exception to this general rule is when the actions which constitute the breach of contract also amount to an independent, willful tort." *Spalding v. Coulson*, 104 Ohio App.3d 62, 78, 661 N.E.2d 197, 207 (Ohio App. 8th Dist. 1995).

Plaintiff maintains that he has asserted other recognizable tort claims, *i.e.* negligence, malpractice and misrepresentation, that allow for punitive damages under Ohio law. However, Ohio law provides that an award of punitive damages is available only upon a finding of actual malice. *Berge v. Columbus Community Cable Access*, 136 Ohio App.3d 281, 316, 736 N.E.2d 517 (Ohio App. 10th Dist. 1999). "Actual malice consists of either a state of mind characterized by hatred, ill will or a spirit of revenge or a conscious disregard for the rights and safety of others which results in a strong probability of substantial harm to the affected persons." *Spalding*, 104 Ohio App.3d at 78, 661 N.E.2d at 207. *See also Arthur Young & Co. v. Kelly*, 88 Ohio App.3d

-8-

343, 352, 623 N.E.2d 1303, 1308-1309 (Ohio App. 10th Dist. 1993).

Likewise, punitive damages may be awarded in tort cases upon a showing of fraud or

insult. *Ali v. Jefferson Ins. Co.*, 5 Ohio App.3d 105, 107, 449 N.E.2d 495, 497-498 (Ohio App. 6th

Dist. 1982).

> A common law fraud claim consists of the following elements:
>
> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b)
> which is material to the transaction at hand, (c) made falsely, with knowledge of its
> falsity, or with such utter disregard and recklessness as to whether it is true or false
> that knowledge may be inferred, (d) with the intent of misleading another into
> relying upon it, (e) justifiable reliance upon the representation or concealment, and
> (f) a resulting injury proximately caused by the reliance.

*Russ v. TRW, Inc.*, 59 Ohio St.3d 42, 49, 570 N.E.2d 1076, 1083 (1991).

A plaintiff seeking an award of punitive damages based upon fraud must demonstrate, in

addition to proving the elements of the fraud itself, "that the fraud is aggravated by the existence

of malice or ill will, or must demonstrate that the wrongdoing is particularly gross or egregious."

*Elderlite Exp., Inc. v. Capitol City Trailers, Inc.*, Case No. 2:06-cv-737, 2009 WL 891762, at *4

(S.D. Ohio March 31, 2009) (quoting *Charles R. Combs Trucking, Inc. v. International Harvester

Co.*, 12 Ohio St.3d 241, 466 N.E.2d 883 (1984)).

Plaintiff has failed to plead any facts showing actual malice, ill will, or fraud on the part of

defendants. Plaintiff has failed to allege, and the Court is unable to discern from the amended

complaint, any misrepresentation made by the defendants upon which plaintiff relied to his

detriment. In addition, plaintiff has alleged no facts whatsoever tending to show the existence of

an independent tort which would justify an award of punitive damage in this case. Accordingly, it

appears to a legal certainty that the plaintiff cannot in good faith claim the jurisdictional amount

because there is no basis in Ohio law for the recovery of punitive damages in this case.

Even assuming plaintiff could recover punitive damages under Ohio law, plaintiff would need to recover an award of $68,500.00 in punitive damages–or approximately 10 times the compensatory damage demand–to meet the $75,000.00 jurisdictional minimum. Such an award would be grossly disproportionate to the award of compensatory damages and would appear to be excessive under Ohio law, see *Dardinger v. Anthem Blue Cross & Blue Shield,* 98 Ohio St.3d 77, 781 N.E.2d 121 (2002), and outside of the federal Constitutional limits established by the Supreme Court. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution. . . ."). The Court is convinced to a legal certainty that plaintiff's claim is really for less than the jurisdictional amount. *See Erdman v. Robinson,* 115 Fed. Appx. 778, 779 (6th Cir. Sept. 20, 2004) (Dismissing plaintiff's complaint asserting claims for malpractice, negligence, and breach of contract for lack of subject matter jurisdiction because plaintiff had not established that the amount in dispute exceeded $75,000, a requirement of § 1332).[4] Accordingly, the undersigned finds that the Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

---

[4] In *Erdman*, the plaintiff, a *pro se* prisoner, brought an action against defendant Robinson and NLPA for malpractice, negligence, and breach of contract in connection with a contract for legal services. *Id*. at 779. Plaintiff sought damages in excess of $400,000, asserting that his request to file a second successive habeas petition would have been granted and he would have been released from custody had it not been for NLPA's negligence. *Id*. The Sixth Circuit affirmed the district court's dismissal of plaintiff's complaint for lack of subject matter jurisdiction finding that plaintiff failed to show that NLPA caused plaintiff any cognizable injury, and that plaintiff had not established the damage requirement for diversity jurisdiction. *Id*. at 780.

**B. Federal Question Jurisdiction**

To the extent that plaintiff invokes the federal question jurisdiction of the Court by claiming a civil rights violation pursuant to 42 U.S.C. § 1983, his complaint fails to allege any facts showing a violation of federal law. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing his claim arises under federal law. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege sufficient facts that, if true, would establish that defendants deprived him of a right secured by the Constitution or the laws of the United States, and that this deprivation was carried out by defendants acting under color of state law. *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995). *See also Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Section 1983 does not create a cause of action against a private actor unless his private conduct is fairly attributable to the state. *Tahfs v. Proctor*, 316 F.3d 584, 590-91 (6th Cir. 2003).

Here, plaintiff's complaint alleges that Robinson violated his civil rights by interfering with plaintiff's constitutional right to proceed *pro se*. (Doc. 6, p. 6). However, a defendant has no constitutional right to self-representation on direct appeal. *Martinez v. Court of Appeal of California, Fourth App. Dist.,* 528 U.S. 152 (2000). Plaintiff further asserts that defendants violated "plaintiff's other constitutional and due process rights." (Doc. 13, p. 8). Yet, he fails to

-11-

identify these "other" constitutional violations and has not alleged facts showing how his due process rights were somehow violated by the defendants. Furthermore, plaintiff has not alleged that defendants, all of whom are private actors, were acting under color of law. As lawyers representing a client, Robinson and NLPA were not state actors within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998).[5] Therefore, plaintiff's complaint fails to state a claim for relief under section 1983 against the defendants.

The undersigned cannot discern any other possible federal claim stemming from plaintiff's allegations against the defendants. Based on the foregoing, the undersigned finds that defendants' motions to dismiss for lack of subject matter jurisdiction are well-taken and should be granted.

## II. Plaintiff's motion to amend should be dismissed as futile.

Plaintiff seeks to amend his complaint to add additional legal theories and facts purportedly to cure the deficiencies raised by defendants in their motions to dismiss. (Doc. 21). In addition to the claims currently before the Court, plaintiff's proposed amended complaint alleges additional federal civil rights claims for violations under 28 U.S.C. § 1343, 42 U.S.C. §

---

[5] Assuming, *arguendo*, that plaintiff intended to allege a cause of action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) for a violation of his civil rights by persons acting under color of federal law, the result would be the same. *See Burrell v. Arnold*, Nos. 97-3967, 97-4087, 1998 WL 537531 (6th Cir. Aug. 10, 1998) (analogizing the Supreme Court's decision in *Polk* to a federal public defender for purposes of a *Bivens* action). *See also Tolbert v. Jones*, No. 5:10-cv-12506, 2010 WL 2733615, at *1 (E.D.Mich. July 9, 2010) (retained and appointed defense attorneys do not act under color of federal law when representing clients in federal criminal proceedings and are therefore not subject to suit under Bivens) (citing *Stamper v. Bouldin*, 46 Fed. Appx. 840, 841 (6th Cir. 2002)).

1985 and § 1988, as well as state law claims for fraud and intentional infliction of emotional distress.

Rule 15(a), Fed. R. Civ. P., provides that leave to amend a pleading shall be "freely given when justice so requires." Several factors must be considered in determining whether to permit an amendment: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of amendment. *Coe v. Bell,* 161 F.3d 320, 341-42 (6th Cir. 1998), *cert. denied,* 528 U.S. 842 (1999); *Head v. Jellico Hous. Auth.,* 870 F.2d 1117, 1123 (6th Cir. 1989). A proposed amended complaint would be futile in as much as it would not withstand a motion to dismiss. *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 346 (6th Cir. 2007). Upon careful review, the undersigned finds that plaintiff's motion to amend is not well-taken, as the allegations contained in the proposed amended complaint would not withstand a motion to dismiss.

Plaintiff proposed amended complaint does not contain any additional factual allegations that would permit the Court to exercise subject matter jurisdiction over his claims. With respect to diversity jurisdiction, plaintiff's proposed amendments fail to allege facts showing that his claims satisfy the $75,000 amount-in-controversy requirement for this Court's exercise of diversity jurisdiction, as detailed above. Although plaintiff proposed amended complaint seeks $45,000,000.00 in compensatory damages and $65,000,000 in punitive damages, plaintiff fails to set forth any specific facts supporting such a damage award under Ohio law. *See Weller v. Cromwell Oil Co.,* 504 F.2d at 930. As such, it appears to a legal certainty that the plaintiff cannot in good faith claim the jurisdictional amount. *Erdman*, 115 Fed. Appx. at 780 (citing

-13-

*Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 156 (6th Cir. 1993)). Thus, plaintiff's conclusory

allegations are insufficient to withstand a motion to dismiss for lack of subject matter

jurisdiction.[6] Furthermore, plaintiff's proposed federal civil rights claims fail as a matter a of law

because plaintiff does not allege that defendants were acting under color of law. *See Tahfs*, 316

F.3d at 590 (Section 1983 does not create a cause of action against a private actor).

    Additionally, assuming *arguendo*, that plaintiff's proposed amended complaint has met

the amount in controversy requirement in order to establish diversity jurisdiction, his state law

claims are time-barred. Plaintiff alleges that his appeals attorney did not properly handle his

appeal, failed to raise certain arguments as requested by plaintiff, and filed a supplemental brief

without plaintiff's permission. Thus, the core claim of plaintiff's proposed amended complaint is

one for legal malpractice. *See Muir v. Hadler Real Estate Management Co.*, 4 Ohio App.3d 89,

90, 446 N.E. 2d 820, 822 (1982) (finding that "[a]n action against one's attorney for damages

resulting from the manner in which the attorney represented the client constitutes an action for

malpractice within the meaning of Ohio Rev. Code. 2305.11, regardless of whether predicated

upon contract or tort or whether for indemnification or for direct damages"). Thus, even where a

plaintiff's pleadings frame his arguments against an attorney not as malpractice, but as claims on

theories such as breach of contract, misrepresentation, or promissory estoppel, if the gravamen of

the complaint is legal malpractice, the one-year statute of limitations will apply. *White v. Stotts*,

---

[6] Plaintiff's proposed amended complaint purports to add language in order establish that defendants acted with actual malice as required to recover punitive damages under Ohio law, and asserts that defendants acted "willfully" and "with actual malice." Actual malice may be inferred by conduct and surrounding circumstances showing such conscious disregard of the rights of others. *Sicklesmith v. Chester Hoist*, 169 Ohio App. 3d 470 863 N.E.2d 677, 698 (Ohio App. 7th Dist. 2006). However, plaintiff's assertions are not supported by any factual allegations, thereby precluding such an inference of actual malice.

Case No 1-10-44, 2010 WL 3839431, at *6 (Ohio App. 3d Dist. Oct. 4, 2010). *See also Hibbett v. Cincinnati*, 4 Ohio App.3d 128, 131, 446 N.E. 2d 832, 836 (Ohio App. 1st Dist. 1982) (finding that "[i]n Ohio the applicable statute of limitations is determined not from the form of pleading or procedure, but from the gist of the complaint"). The statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates whichever occurs later. *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St. 3d 54, 58, 538 N.E.2d 398, 401 (1989).

Here, plaintiff alleges that Robinson failed to raise certain issues on appeal, failed to file a reply memorandum, and filed an unauthorized brief in support of plaintiff's appeal in April 2005. By his own admission, plaintiff was put on notice of defendants' alleged improper conduct by April 2005. Additionally, the Fifth Circuit Court of Appeals granted Robinson's motion to withdraw as plaintiff's counsel on August 11, 2005. Thus, any malpractice action would need to have been filed by August 11, 2006. Plaintiff filed the instant action on September 21, 2009, three years after the expiration of the relevant limitations period.[7] Thus, plaintiff's state law

---

[7] Plaintiff appears to assert that the statute of limitations for his malpractice action should not begin to run until March 9, 2009, the date he filed his habeas petition. Plaintiff argues in his habeas petition that defendants' violated his constitutional rights and appears to assert that he continues to suffer injuries as a result of defendants' actions. Thus, relying on *Paschal v. Flagstar Bank*, 295 F.3d 565 (6th Cir. 2002), plaintiff seeks to invoke the continuing violations doctrine in attempting to circumvent the one-year statute of limitations for malpractice. *Id. at* 572 (The Sixth Circuit has adopted a three-part inquiry for determining whether a continuing violation exists: (1) the defendant's wrongful conduct must continue after the precipitating event that began the pattern; (2) injury to the plaintiff must continue to accrue after that event, and (3) further injury to the plaintiffs must have been avoidable if the defendant had at any time ceased its wrongful conduct). However, plaintiff alleges no facts establishing any of these elements. Thus, plaintiff's conclusory arguments lack merit.

-15-

claims relating to his legal representation would be dismissed as untimely. Accordingly,

plaintiff's motion to amend is not well-taken, as the proposed amendments would be futile.[8]

## IT IS THEREFORE RECOMMENDED:

(1) Defendants' motions to dismiss (Docs. 11, 12) should be **GRANTED**.

(2) Plaintiff's motion for leave to amend (Doc. 21) should be **DENIED**.

(3) Plaintiff's motion for a continuance (Doc. 24) and motion for judgment on the pleadings

(Doc. 25) should be **DENIED as MOOT.**

(4) The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an

appeal of the Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114

F.3d 601 (6th Cir. 1997).

Date: 12/9/2010

Karen L. Litkovitz
United States Magistrate Judge

---

[8] Plaintiff has also filed a motion for a continuance of the summary judgment hearing and a motion
for judgment on the pleadings. The Court has not scheduled any hearings in this matter, thus, plaintiff's
motion for a continuance is moot. Furthermore, in light of the recommendations that this Court lacks
subject matter jurisdiction over plaintiff's claims and that plaintiff's motion to amend complaint should
be denied, plaintiff's motion for judgment on the pleadings on the proposed amended complaint should
be denied as moot.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

OYENOKACKIKE CHARLES OSAMOR,

                    Plaintiff,                              Case No. 1:09-cv-694

vs.                                                         Weber, J.
                                                            Litkovitz, M.J.

MATTHEW M. ROBINSON, *et al.*,

                    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-17-

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X    ☑ Agent   ☐ Addressee <br> B. Received by ( *Printed Name* )   C. Date of Delivery |
| 1. Article Addressed to: <br><br> Oyenokachike Charles Osamor <br> 97978-079 <br> Montgomery Federal Prison Camp <br> Inmate Mail / Parcels <br> Maxwell Air Force Base <br> Montgomery, AL 36112 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)   ☐ Yes |
| 2. Article Number <br> (*Transfer from service label*)     7002 3150 0000 8388 3639 | |
| PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540 | |

1:09 cv 694    (Doc. 28)