UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**OYENOKACKIKE CHARLES OSAMOR,**

      **Plaintiff**

      v.                                   Case No. 1:09-cv-694-HJW

**MATTHEW M. ROBINSON,** *et al.***,**

      **Defendants**

### ORDER

This matter is before the Court upon the defendants' respective Motions to Dismiss (doc. nos. 11, 12), the Magistrate Judge's Report and Recommendation (doc. no. 28), and the *pro se* plaintiff's thirty pages of objections (doc. no. 30). Also pending are the plaintiff's Motion for Leave to Amend Complaint (doc. no. 21), plaintiff's Motion for a Continuance (doc. no. 24), and plaintiff's Motion for Judgment on the Pleadings and for Summary Judgment (doc. no. 25).

The Magistrate Judge recommended that both Motions to Dismiss (doc. nos. 11, 12) should be GRANTED; plaintiff's Motion for Leave to Amend (doc. no. 21) should be DENIED as futile; plaintiff's Motion for a Continuance (doc. no. 24) and Motion for Judgment on the Pleadings and for Summary Judgment (doc. no. 25) should be DENIED as moot; and the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Court's Order would not be taken in good faith. See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

**Plaintiff, a *pro se* prisoner, makes seven objections to the Magistrate Judge's Report and Recommendation. Upon *de novo* review of the record, the Court finds that plaintiff's objections are meritless. The Court agrees with the Magistrate Judge's proposed findings of fact and conclusions of law, which have accurately set forth the controlling principles of law and properly applied them to the particular facts of this case. For purposes of *de novo* review, the Court will briefly address the underlying facts and plaintiff's objections.**

**I. Background**

**After a federal jury trial in Texas in 2002, Oyenokackike C. Osamor ("Osamor") was convicted of conspiracy to defraud the United States, conspiracy to launder funds, 12 counts of mail fraud, and 9 counts of possession of stolen mail. He was sentenced to a total term of 175 months imprisonment and ordered to pay $1,408,438.68 in restitution. Osamor hired Matthew M. Robinson of Robinson & Brandt, P.S.C. to represent him on appeal.**

**Although Osamor's conviction and sentence were affirmed on appeal, the United States Supreme Court vacated the sentence and remanded in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005). On remand, the Court of Appeals for the Fifth Circuit requested that appellate defense counsel file a supplemental brief on <u>Booker</u> issues, and counsel did so in April of 2005 (doc. no. 13-2 at 2-7). Upon Osamor's insistence, counsel was granted permission to withdraw on August 11, 2005 (doc. no. 6 at 5, ¶ XIX). On March 29, 2006, the Court of Appeals for the Fifth Circuit vacated Osamor's sentene and remanded the case for resentencing. The district**

court resentenced Osamor within the advisory guidelines range to a reduced term of 156 months imprisonment. On March 26, 2008, Osamor's reduced sentence was affirmed on appeal. United States v. Osamor, 271 Fed. Appx. 409, 2008 WL 828792 (5th Cir. (Tex.)). Certiorari was denied June 2, 2008, and rehearing was denied July 28, 2008 by the United States Supreme Court.

Over a year later, on September 21, 2009, Osamor brought this civil case, expressing his dissatisfaction with his appellate legal representation and alleging malpractice and other claims against his appellate defense counsel. Osamor also sued National Legal Professional Associates ("NLPA"), which he asserts provided "substandard legal research" to his counsel "for all of his appellate issues" (doc. no. 6 at 9, ¶ XLIII).

In his amended complaint, Osamor alleges that defense counsel had "refused to act as requested" (doc. no. 6 at 2, ¶ III). He complains that counsel did not raise all the issues he wanted raised and did not file a reply brief (Id. at 2-4). He also complains that counsel should not have filed the supplemental brief requested by the appellate court on remand. Osamor alleges that counsel was "ineffective" and interfered with "his constitutional right to proceed pro se" (Id. at 6,8). He seeks $45,000,000.00 in compensatory damages and $50,000,000.00 in punitive damages from each defendant on each count, for a total of $950,000,000.00 plus attorneys fees (Id. at 9-10).

After the defendants separately moved for dismissal on numerous grounds pursuant to Rules 12(b)(1) and 12(b)(6), the Magistrate Judge recommended that the

case be dismissed for lack of subject matter jurisdiction. The Magistrate Judge appropriately did not address any further grounds for dismissal, including those under Rule 12(b)(6) for failure to state a claim, because the lack of subject matter jurisdiction was dispositive.

**II. The Pro Se Prisoner's Objections**

In his first objection, plaintiff generally indicates he disagrees with the recommendation that this case be dismissed for lack of subject matter jurisdiction (doc. no. 30 at 2). However, his objection is rambling, non-specific, and consists of irrelevant material that does not address subject matter jurisdiction. For example, although his complaint essentially attempts to assert a time-barred claim of legal malpractice,[1] Osamor rehashes his allegations for his other theories of recovery, such as conspiracy, fraud, breach of contract, breach of fiduciary duty, and intentional infliction of emotional distress. He discusses Rules 12(b)(6) and 15, rather than Rule 12(b)(1). Indeed, he appears to confuse "failure to state a claim" with a lack of subject matter jurisdiction. His objection entirely misses the mark, presents no pertinent argument regarding subject matter jurisdiction.

In his second objection, plaintiff disagrees with the recommendation that "plaintiff fails to allege facts showing his claim satisfies the $75,000.00 amount in

---

[1] Under Ohio law, a legal negligence or malpractice claim must be brought within one year after the cause of action accrued. Ohio Rev. Code § 2305.11(A). When Osamor filed this case, the statute of limitations had already expired for any negligence or legal malpractice claim against defendants. Plaintiff may not circumvent the statute of limitations by mischaracterizing his malpractice claim as other causes of action. <u>Muir v. Hadler Real Estate Mgmt. Co.</u>, 4 Ohio App. 3d 89, 90 (10th App. Dist. 1982)("Malpractice by any other name still constitutes malpractice.").

controversy requirement for this court's exercise of diversity jurisdiction" (doc. no. 30 at 10). Again, Osamor makes an entirely irrelevant argument that does not address the pertinent issue of the amount in controversy. He points to no facts that would establish the requisite amount in controversy. He merely contends generally that the Magistrate Judge must not have reviewed his arguments because the Magistrate Judge did not recommend in his favor. This objection is non-specific and merits little discussion.

Review of the amended complaint confirms that Osamor has not alleged any facts that would satisfy the requisite statutory amount of at least $75,000 under 28 U.S.C. § 1332(a). His multiple demands for $45,000,000.00 in compensatory damages and $50,000,000.00 in punitive damages are not made in good faith, as his complaint indicates no reasonable basis for seeking such purported damages. Where a party alleges excessive damages beyond any reasonable expectation of recovery, jurisdiction does not attach. Worthams v. Atlanta Life Ins. Co., 533 F.2d 994, 997 (6th Cir. 1976).

As defense counsel points out, the retainer contract concerned a fee of $6,500 and only part of that amount was actually paid (doc. no. 13-1 at 2-4). Counsel was successful in obtaining a reduced sentence for Osamor, who showed his appreciation by suing for malpractice. As it appears to a "legal certainty" that the plaintiff cannot in good faith claim the jurisdictional amount, subject matter jurisdiction does not exist for his claims. See Massachusetts Cas. Ins. Co. v.

**Harmon**, 88 F.3d 415, 416 (6th Cir. 1996); **Klepper v. First American Bank**, 916 F.2d 337, 340 (6th Cir.1990).

With respect to the separate contract for legal research, NLPA points out that a family member (Carol Carrington) hired NLPA to provide research to defense counsel and that Osamor was not even party to the contract (doc. no. 13-1 at Ex. R). Despite only partial payment of $2,000.00, NLPA indicates it provided full research to defense counsel. Osamor had no contractual right to demand research on particular topics. NLPA points out that Osamor does not have standing to bring any breach of contract claims against NLPA. In any event, this small contractual amount is insufficient to satisfy the amount in controversy requirement for jurisdiction.[2]

In his third objection, plaintiff disagrees with the recommendation that "only plaintiff's claim for breach of contract is supported by sufficient facts to go towards satisfying the amount-in-controversy requirement" (doc. no. 28 at 7). As the Magistrate Judge correctly pointed out, "the contract amount at issue was for $6,500" (**Id**.). Any demand for compensatory damages would fall far below the requisite amount in controversy. The Magistrate Judge correctly indicated, and Osamor acknowledges, that punitive damages are not available for an alleged breach of contract under Ohio law (doc. no. 30 at 11).

---

[2]The legal research contract also contains a routine clause calling for arbitration of disputes. Specifically, it requires that "any and all disputes arising out of this agreement, or from any other relationship between NLPA and You, shall be resolved by binding arbitration before the Better Business Bureau." Although Osamor makes the conclusory objection that the arbitration clause was "illegal," he fails to explain any basis for his assertion.

**Plaintiff now contends that his claims meet Ohio's narrow exception for punitive damages for wilful torts and/or "malice." As already noted, plaintiff may not mischaracterize his time-barred malpractice claim as other causes of action in an improper attempt to multiply his damages and evade the statute of limitations. See, e.g., Omlin v. Kaufman & Cumberland Co., L.P.A., 8 Fed.Appx. 477 (6th Cir. 2001)(observing in Ohio legal malpractice case that plaintiff's "attempt to characterize her action as something other than a legal malpractice proceeding is without merit"). Osamor's amended complaint does not set forth any facts to support the availability of punitive damages. As the Magistrate Judge correctly observed, the amended complaint does not satisfy the requisite amount-in-controversy necessary for subject matter jurisdiction.[3]**

**In his fourth objection, plaintiff disagrees with the Magistrate Judge's recommendation that the complaints alleges no basis for federal question jurisdiction (doc. no. 30 at 18). This objection is easily dispensed with, as Osamor's amended complaint raises no viable federal claims. Plaintiff recites 42 U.S.C. §§ 1983 and 1988, but does not allege any facts indicating that the defendants deprived him of any constitutional or statutory rights, or that defendants acted under color of state law. 42 U.S.C. § 1983; Miller v. Sanilac Cnty., 606 F.3d 240, 247 (6th Cir. 2010);**

---

[3]Although plaintiff also attempts to remedy this in his proposed second amended complaint by claiming his attorney had "malice," his claim would still amount to a legal malpractice claim that is time-barred. Moreover, a court need not accept as true legal conclusions or unwarranted factual inferences. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Papasan v. Allain, 478 U.S. 265, 286 (1986). A plaintiff may not merely make "a blanket assertion of entitlement to relief." Twombly, 127 S.Ct. at 1965 n. 3.

Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998). Plaintiff's amended complaint satisfies neither statutory requirement. The alleged actions by defendants are in no way "fairly attributable to the state." Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992). Section § 1988 provides for attorneys fees and does not create a separate cause of action. These statutes provide no basis for jurisdiction here.

In a disjointed argument, Osamor appears to base his § 1983 claim on the notion that "defendants deprived him of handling his appeal his own way . . . [and] prevented plaintiff from adjudicating the merits of his own pro se supplemental brief on remand" (doc. no. 30 at 19). Counsel was not required to raise every issue simply because Osamor demanded it, as it is within counsel's professional judgment as to what arguments to make. Jones v. Barnes, 463 U.S. 745, 751-52 (1983) (observing that counsel is not required to raise every non-frivolous argument on appeal).[4]

Osamor also has no "constitutional" right to file a supplemental brief on remand. As the Magistrate Judge aptly pointed out, Osamor misunderstands the limited nature of remand (doc. no. 28 at 7, fn. 3). He labors under the misconception that on remand he could raise all the issues he wanted and that his *pro se* brief would have resulted in the overturning of his conviction. Contrary to his unfounded

---

[4]**Although Osamor also attempts to claim a "breach of contract" on such basis, the retainer contract did not bind defendants to make any particular arguments.**

-8-

belief, the remand was limited to resentencing only. Plaintiff could not challenge his conviction on remand.[5]

In his fifth objection, plaintiff disagrees with the recommendation that his motion to amend his complaint for a second time should be denied as futile (doc. no. 30 at 20). In an attempt to overcome the deficiencies pointed out in the motions to dismiss, Osamor filed a 48-page motion to amend his complaint. The Magistrate Judge observed that the allegations in the proposed second amended complaint would not withstand a motion to dismiss and would be futile. The Magistrate Judge recommended that plaintiff's proposed second amended complaint did "not contain any additional factual allegations that would permit the Court to exercise subject matter jurisdiction" (doc. no. 28 at 13). The Magistrate Judge pointed out that the state law claims are time-barred, that plaintiff's claims fail to satisfy the amount-in-controversy jurisdictional requirement, that there is no basis for a § 1983 claim against private actors, and that "the core claim of plaintiff's proposed amended complaint is one for legal malpractice" (Id. at 11-16). The considerable leniency granted to *pro se* litigants is not boundless. Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004).

To the extent plaintiff seeks to amend his complaint again, the Magistrate Judge correctly noted that the proposed second amended complaint's conclusory

---

[5]**To the extent Osamor fleetingly refers to "ineffective assistance of counsel," such claims may be raised in a § 2255 motion before the sentencing court, but are not actionable in this civil suit. Osamor indicates he filed a "habeas petition" on March 9, 2009, that is pending in the United States District Court for the Southern District of Texas.**

allegation of "actual malice" was not supported by factual allegations that would permit any reasonable inference of malice (doc. no. 28 at 14, fn. 6). Plaintiff has already had an opportunity to amend, and the proposed further amendment would be futile. Leave to amend under Rule 15 may properly be denied on such basis. Foman v. Davis, 371 U.S. 178, 182 (1962); Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579, 591 (6th Cir. 1990).

In his sixth objection, plaintiff generally alleges that the Magistrate Judge "did not consider his submissions, arguments, and authorities in his answer to defendants' motions to dismiss" (doc. no. 30 at 24). Plaintiff provides no basis for his subjective belief, he merely lists his own interpretation of the purported significance of various events. Plaintiff's objection is baseless. He appears to be suggesting that if the Magistrate Judge had considered his submissions, he would have prevailed. Plaintiff's subjective belief is unavailing and merits no further discussion.

In his seventh objection, plaintiff similarly alleges that the Magistrate Judge "did not consider his submissions, arguments, and authorities in his motion for summary judgment" (doc. no. 30 at 26). Plaintiff filed a 92-page document styled as a "motion for judgment on the pleadings and for summary judgment" (doc. no. 25), with 126 pages of attachments. However, a court may not grant summary judgment if subject matter jurisdiction is lacking. Plaintiff's objection is without merit. As the Magistrate Judge correctly recommended, Osamor's request for continuance (doc.

no. 25-2) for further discovery is moot, given dismissal for lack of subject matter jurisdiction.

III. Conclusion

Accordingly, the Court hereby ADOPTS the Report and Recommendation of the United States Magistrate Judge (doc. no. 28). Defendants' Motions to Dismiss (doc. nos. 11, 12) are GRANTED; plaintiff's Motion for Leave to Amend (doc. no. 21) is DENIED; plaintiff's Motion for a Continuance (doc. no. 24) and Motion for Judgment on the Pleadings and for Summary Judgment (doc. no. 25) are DENIED AS MOOT. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of this Court's Order would not be taken in good faith. *See,* McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

This case is DISMISSED AND TERMINATED on the docket of this Court.

IT IS SO ORDERED.

                                                    s/Herman J. Weber  
                                                    **Herman J. Weber, Senior Judge**  
                                                    **United States District Court**